UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROGER DANGLER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-169 |
| § | |
| KOHL'S DEPARTMENT STORES, INC., § | |
| § | |
| Defendant. § | |

## ORDER

Roger Dangler (Dangler) sues Kohl's Department Stores, Inc. (Kohl's) for personal injuries suffered when he tripped over a garment rack and fell, alleging that the racks were too close to allow safe walking among the clothing displays. Before the Court is Defendant Kohl's Department Stores, Inc.'s Motion for Summary Judgment (D.E. 30). Kohl's argues two bases for its motion: (1) that there is no evidence to support Dangler's claim that it had knowledge of a dangerous condition thus defeating the premises liability claim; and (2) negligence is not a viable claim where the allegations relate to a condition on the premises rather than an activity. For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

Dangler's response includes direct and circumstantial evidence that Kohl's knows that inspection and maintenance of aisles and fixtures is an important safety issue so as to avoid tripping hazards for customers walking among the clothing racks. Kohl's is responsible for maintaining floor plans and the placement of garment racks and is aware of potential hazards when the store is particularly crowded with merchandise. Kohl's

created the condition on the premises that Dangler encountered, allegedly causing his injury.

In reviewing a summary judgment motion, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). After reviewing Dangler's response and the evidence attached thereto, the Court DENIES IN PART the motion for summary judgment to the extent that it challenges the existence of evidence to show Kohl's knowledge of the safety hazard to support the premises liability claim.

Next, Kohl's argues that the Supreme Court of Texas has determined that, where a claim is based on a premises condition rather than a negligent activity, a general negligence claim is precluded. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Dangler did not respond to this argument and Kohl's is correct with respect to Texas law. Because Dangler alleges that a condition on the premises caused his injury and because he does not allege a negligent activity, he is not entitled to proceed on a general negligence theory. His recovery must be premised upon an adequate showing of the requirements for a premises liability claim at trial.

For the reasons set out above, Kohl's motion for summary judgment (D.E. 30) is GRANTED IN PART as to Dangler's negligence claim and it is DISMISSED. The motion (D.E. 30) is DENIED IN PART as to Dangler's premises liability claim.

ORDERED this 16th day of October, 2015.

                                                    _____
                                                  NELVA GONZALES RAMOS
                                                  UNITED STATES DISTRICT JUDGE